I respectfully concur with the majority, but write separately to fully explain my reasons.
Because appellee's complaint alleges various separate and independent acts or conduct of medical malpractice, I would require that appellant's physicians' status in regard to immunity, pursuant to R.C. 2743.02(F) and 9.86, be separately analyzed as to each independent claim in the complaint.
Although the majority does not read the statute as requiring the Court of Claims to "break-down" the employee's conduct in determining immunity, I respectively interpret the statute to do just that. I do not believe a physician's actions towards a patient are so static that his/her status, for purposes of immunity, cannot change during the course of treatment of a patient. As an example, there may, indeed, be a strong argument for immunity when a physician is overseeing an intern in interpreting an X-ray, while an immunity argument becomes somewhat tenuous if that same physician becomes the treating physician of the same patient and negligently treats her in a follow-up visit, has no teaching responsibilities at the time of the follow-up and, through his private practice group, bills her for his/her services. The status of a physician should be determined as the statute requires at the time of the alleged negligent "conduct." Therefore, I would reverse the judgment of the trial court and remand with instructions to make findings as to the status of each physician on each independent claim of malpractice.